## JOHN NEWSOM, APPELLANT, v. J. W. GREENWOOD, RESPONDENT.

STATUTE—CONSTRUCTION OF.—A statute repealing or in anywise modifying the remedy of a party by action or suit, should not be construed to affect actions or suits brought before the repeal or modification.

REFORMING WRITTEN INSTRUMENT.—In order to warrant a Court of equity in decreeing the reformation of a written instrument, the testimony must be clear and satisfactory.

APPEAL from Marion County.

This was an action of ejectment, in which Newsom was plaintiff, and Greenwood defendant.    Plaintiff filed his complaint, claiming a certain parcel of land in what is known as the Wesley Shannon Donation Claim, and also the sum of one hundred and seventy-five dollars as damages.    The answer denies the ownership of plaintiff, and alleges that on March 9, 1865, the defendant purchased of one William Helm the south half of the prairie and south half of the timber land on said donation claim; that, by mistake, the deed from Helm to defendant was drawn for the south half generally; that on the 25th of March, 1865, the plaintiff, with full knowledge of the facts concerning the defendant's purchase, purchased from said Helm

the remaining portion of said claim, viz.: the north half of the prairie, and the north half of the timber; that, by mistake, the deed from Helm to the plaintiff was drawn for the north half generally (which includes the parcel in dispute). That on December 15, 1866, defendant took possession of the land by him purchased. That when the plaintiff took possession of the land he recognized the division in accordance with their respective purchases, as alleged by the defendant. This answer developing an equitable defense, the cause was transferred to the equity side of the Court. To the defendant's answer, plaintiff replied, denying mistake in deed, and other material allegations. The Court below, after trial, found the equities to be with the defendant, and decreed accordingly. While the cause was pending, the Statute of 1866, by which actions at law were required to proceed as suits in equity, when the facts stated in the pleadings of either party presented a case requiring the interposition of a Court of equity, was repealed.

*G. W. Lawson and Sullivan & Thompson,* for Appellant.

The repeal of a statute, from which the Court derives its jurisdiction, at any time before the proceedings are consummated, deprives the Court of its jurisdiction, and puts an end to the proceedings. (1 Kent. Com. 526 and note; 1 Hill, 324; 36 Barb. N. Y. 447; 5 Blackf. R. 195; 2 U. S. Eq. Dig. 593; Smith's Com. 887; 1 Wm. Black. R. 451; Sedgwick on S. & C. L. 121; 23 Cal. 522; 2 Estee Pl. 277.)

The proofs are not sufficient to warrant the Court in correcting a mistake in the deeds. If the testimony is vague, uncertain, conflicting, or in anywise contradictory, a mistake will not be corrected, but the deed will be taken to express the exact terms of the agreement between the parties. (Willard's Eq. 70; Story Eq. 152–164; 42 Barb. N. Y. 455; 2 Johns. Ch. 585, 630; 11 Paige, 658; 33 N. Y. 676; 19 Cal. 660; 23 Cal. 522; 2 Estee Pl. 277; 29 Barb. N. Y. 595; 26 Wend. 268; 2 Ogn. 26, 290.)

*Williams & Willis,* for Respondent.

A Court, having acquired jurisdiction, does not lose it by

the repeal of a statute, under which such jurisdiction is acquired, while proceedings are pending. (Smith's Com. 880; 23 Wend. 481.) Jurisdiction of Courts of equity over questions of mistake. (Story Eq. §§ 157, 159; Willard's Eq. 73; 2 Ogn. 288; 10 N. Y. 322.)

By the Court, McARTHUR, J.:

Two questions are presented in this case: the one touching the jurisdiction of the Circuit Court; the other, touching the sufficiency of the testimony. After issue joined, and while this cause was pending in the Court below, the amendment to § 93 of the Code,—which amendment was couched in the following language: "A material allegation in a pleading is one essential to the claim or defense, and which could not be stricken from the pleadings without leaving it insufficient. When the facts stated in the pleadings present a case cognizable in a Court of law, the case shall proceed as an action at law. But if the facts stated, either by the plaintiff or defendant, show a case requiring the interposition of a Court of equity, the case shall proceed as a suit in equity" (Laws of Oregon, 1866, p. 12),— was further amended so as to read as follows: "Section 93. A material allegation in a pleading is one essential to a claim or defense, and which could not be stricken from the pleading without leaving it insufficient as to such claim or defense." (Civ. Code, § 93.)

This case was commenced on the law side of the Court, and the answer developing an equitable defense it was transferred to the equity side, and then tried, the transfer being ordered and the judgment rendered after the repeal of that part of § 93 which established such rule of practice. Wherefore it is contended by counsel that the Court had no jurisdiction to transfer or try the cause, for that the proceedings were inchoate at the time of such repeal, and there was no saving clause as to the causes pending.

As a general rule, it is true that the effect of a repealing statute is to obliterate the statute repealed as completely as if it had never been passed, and that it must be considered as a law that never existed, except for the purpose of those

actions or suits which were commenced, prosecuted and concluded while it was an existing law. Such was the language of Tindal, Lord Ch. J., in *Key* v. *Goodwin* (4 Moore & Payne, 341, 351), and such is the recognized rule in this country. But there is a class of cases forming exceptions to this general rule. In *Hitchcock* v. *Way* (6 Adolphus & Ellis), a case similar in principle to the one now under consideration, Denman, Lord Ch. J., in delivering the opinion of the Court, said: "We are of opinion that the law as it existed when the action was commenced, must decide the rights of the parties to the suit, unless the Legislature express a clear intention to vary the relations of litigant parties to each other." Upon the same principle was decided the case of *Butler* v. *Palmer* (1 Hill, 325), in which it was very emphatically declared that positive enactments are not to be construed as interfering with previously existing contracts, rights of action, or suits, unless the intent thus to interfere be expressed in the enactment. Extending this principle, it was held in *Bedford* v. *Shilling* (4 Serg. & Rawle, 401), that a statute in any way modifying the remedy of a party by action, shall never be so construed as to affect actions brought before the statute. Also, in *Bates* v. *Stearns* (23 Wendell, 482), it was decided that a statute should never be so construed as to affect even pending remedies, unless it either expressly declare such to be its object, or there remains no prospective remedy upon which it can operate. We recognize and shall follow the principle governing in the exceptional cases, as well because it is sanctioned by approved precedents, as because it is calculated to prevent the evils which would result from the too rigid application of the general rule. Applying it, therefore, to the question of practice presented, we conclude that the Court below very properly transferred this cause from the law to the equity side, and that it had jurisdiction to try the same after the repeal of the section of the Code above referred to.

We now proceed to the second question presented. Since the amendment of § 533 of the Code (Civ. Code, § 533), appeals from decrees are to be tried *de novo* by this Court, upon the transcript and the evidence accompanying it. All

the testimony is therefore before us; and the respondent's counsel claim that the conclusions of fact to be drawn therefrom, warranted the Court below in decreeing the correction of the deed and the division of the parcel of land described as the Wesley Shannon Donation Claim, in accordance with the terms of an alleged contract of purchase which is assumed to be fully proven. Appellant's counsel, however, urge that the proofs are not sufficient to warrant the Court in concluding that there was a mistake in the deed and proceeding to correct the same.

A brief inquiry into the laws relating to the quality and character of the testimony necessary to warrant a Court of equity in decreeing the correction of a mistake in a deed will not be amiss. In *Shively* v. *Welch* (2 Oregon, 290), Kelsay, J., in delivering the opinion of the Court, said: "To entitle a party to the decree of a Court of equity reforming a written instrument, it is incumbent upon him to establish the error or mistake alleged by proof so satisfactory in its nature as to preclude all question."

The language used by the learned judge is far too strong. To hold that proof in these, or in any cases, shall be so satisfactory as to preclude all question, would defeat the object of the law, for it seldom lies within the range of human possibility to furnish that quality of proof. The rule which should govern in this class of cases is laid down in Willard's Equity Jurisprudence, page 75, where it is held "that to show a mistake in a written instrument, the evidence must be clear and satisfactory, so as to establish the mistake to the entire satisfaction of the Court." And this is identical with that expressed by both Fonblanque and Story, and has received the approval of the highest judicial tribunals of the United States and of England.

The testimony before us does not fill the measure of the rule just stated, much less that laid down in *Shively* v. *Welch*, and is not of that clear and satisfactory nature requisite to warrant us in reforming a written instrument.

The decree of the Circuit Court must, therefore, be reversed, and a decree entered in conformity with this opinion. Decree reversed.