Argued January 4, affirmed February 1, 1927.

# N. MILLER *v.* JAMES D. MILLER.

(252 Pac. 705.)

**Reformation of Instruments—Evidence in Suit for Reformation of Land Contract Held not Sufficiently Convincing to Show Mistake in Amount of Consideration Justifying Reformation.**

1. In · father's suit against son for reformation of contract for sale of land on ground of alleged mistake in recital of consideration, evidence *held* not sufficiently clear and convincing to establish mistake of parties justifying reformation, in absence of showing of fraud.

**Contracts—Written Contract is Presumed to be Valid and Free from Mistake.**

2. Where written contract is deliberately entered into by parties, it is presumed to be valid and free from mistake; writing being presumed to express truly contract as made.

**Reformation of Instruments—Party Alleging Mistake in Written Contract has Burden to Overcome Presumption of Its Validity.**

3. In action for reformation of written contract, burden of proof to overcome presumption that contract deliberately entered into is valid and free from mistake is on party alleging mistake.

**Reformation of Instruments—Equity will Reform Written Contract Only on Clear and Decisive Proof That Writing is not in Conformity With Intention of Parties.**

4. Proof that written contract is not in conformity with actual intention of parties with respect to subject matter must be full, clear and decisive so as to establish mistake to court's satisfaction before court is justified in making written agreement conform to alleged oral contract.

**Reformation of Instruments—Reformation of Written Contract will not be Granted on Mere Preponderance of Evidence.**

5. Preponderance of evidence is insufficient to prove right to reformation of written contract, it being necessary to prove certainty of error in existing form of contract.

---

Reformation of Instruments, 34 **Cyc.,** p. 979, n. 1, p. 980, n. 4, p. 984, n. 34.

From Marion: George G. Bingham, Judge.

Department 1.

Affirmed.

---

2. See 23 R. C. L. 365.
4. See 23 R. C. L. 365.
5. See 23 R. C. L. 367.

For appellant there was a brief and oral argument by *Mr. W. C. Winslow.*

For respondent there was a brief over the name of *Messrs. McNary, McNary & Keyes,* with an oral argument by *Mr. Walter E. Keyes.*

RAND, J.—Plaintiff and defendant entered into a written contract by the terms of which plaintiff agreed to sell and defendant to buy fifty acres of land. Defendant has completely performed the contract upon his part, in accordance with the terms of the writing, and has received from plaintiff a deed for the land. This suit was brought to reform the contract, on the ground of an alleged mistake in reciting the consideration to be paid for the land, and to recover the balance of the alleged unpaid consideration. The trial court dismissed the suit, on the ground that plaintiff had failed to establish the alleged mistake by clear and convincing evidence. Plaintiff contends that he was only bound to establish his case by a mere preponderance of the evidence.

1. Briefly stated, the evidence shows that defendant's father, the plaintiff in the suit, was the owner of a tract of land which included the fifty acres referred to, upon all of which he had given a mortgage to secure the payment of two notes for $3,500 and $1,700 respectively, both of which were dated December 23, 1914, and payable five years after date. Defendant came to Oregon from the State of Montana, for the purpose of purchasing a tract of land in the vicinity of his father's home, and contracted to purchase from his father the fifty-acre tract in question. Plaintiff testified that the consideration agreed upon was the payment of the two notes referred to, and an addi-

tional payment of $5,000; while defendant testified that the consideration for the land was to be the sum of $5,000 only. Upon plaintiff's suggestion, M. G. Munly, Esq., an attorney of Portland, who was an entire stranger to defendant, was employed to draw the contract. Munly drew the contract, and both parties signed it after it had been read over in their presence. According to plaintiff's testimony, both parties informed Munly of the terms which they desired to have incorporated in the contract; while defendant testified that all of this information was furnished by his father.

The written contract is complete in itself, and provides for every contingency, and is clear, precise and specific in its terms. It was drawn by a lawyer now dead, whose standing and reputation at the bar for a long period of time was never questioned, and is not brought in question here. There is no allegation of fraud in the pleadings, and no suggestion of fraud was made during the trial. After it was drawn, and before it was signed, plaintiff admits that it was read over in his presence, and that he then signed it. Except as indicated below, the contract is in these words:

"This Agreement, made this day by and between N. Miller, of Woodburn, Marion County, Oregon. and James D. Miller, of Butte, Montana, son of the said N. Miller, WITNESSETH:

"That, whereas, the said N. Miller is the owner of a certain tract of real estate in the County of Marion, State of Oregon, described as follows, to-wit: (then follows a description by metes and bounds as the entire tract owned by plaintiff, consisting of several hundred acres.)

. "And, whereas, said land is now encumbered by a mortgage in the sum of Five Thousand Dollars ($5,000);

"And, whereas, the said N. Miller is desirous of clearing the said property of said incumbrance, and has proposed to said James D. Miller that, in consideration of the payment and satisfaction of said mortgage, he, the said N. Miller, will convey in fee by good and sufficient deed, fifty (50) acres of said land hereinafter described, to the said James D. Miller:

"Now, therefore, in consideration of the premises and the further consideration of One Dollar .($1.00) to the said N. Miller paid by the said James D. Miller, the receipt whereof is hereby acknowledged;

"It is Agreed and Understood that in consideration of the payment of said mortgage by the said James D. Miller, the said N. Miller will convey unto the said James D. Miller, by good and sufficient deed, the following tract of land situate in the Donation Land Claim of Patrick N. Gleason, containing fifty (50) acres of land out of said Donation Land Claim, to be hereafter surveyed, and more particularly described as follows, to wit: (then follows a description by metes and bounds of the fifty acres of land, which plaintiff contracted to convey to his son.)

"It is further understood and agreed that the money will be advanced to pay said mortgage on or before the first day of December, 1919, and that at, and upon the payment of such sum to be applied in satisfaction of said mortgage, the said N. Miller will cause said land to be surveyed at his own expense, and will forthwith execute and deliver to the said James D. Miller, a good and sufficient deed of said property, free and clear of all incumbrance, including taxes. (Then follows the attestation clause, and the signatures of both plaintiff and defendant.)

After signing the contract, and before leaving the office, plaintiff requested his son to make part payment of the purchase price and defendant then paid to plaintiff the sum of one thousand dollars, which

payment was indorsed on the contract in these words: "Received this 23d day of January, 1919, from James D. Miller, the sum of One Thousand Dollars ($1,000.00) to apply upon the purchase price of the fifty (50) acres of land described in the within contract"; which indorsement plaintiff signed.

So far as the record shows, defendant had no knowledge of the amount due upon the mortgage given by his father. He testified that his father told him that the land was mortgaged for $5,000, and the written contract so states. If the land had been mortgaged, as represented, for $5,000 only, then there would have been no difference between the written contract and the oral promise testified to by defendant in respect to the purchase price which the defendant was to pay for the land. But because the representations were not true, and the amount due was more than $5,000, and defendant later paid more than that sum in satisfaction of the mortgage, plaintiff contends that the payment by defendant of more than $5,000 is evidence of the fact that defendant had agreed to pay not only the mortgage, but $5,000 in addition thereto, as testified to by plaintiff. According to defendant's testimony, the plaintiff refused to pay any part of the mortgage debt, and that because of such refusal, and not because of his having promised to do so, defendant paid $5,564 in satisfaction of the mortgage, and then received from his father a deed for the land. As testified to by defendant, this circumstance shows a breach of contract by plaintiff, and is not evidence of the existence of a mistake in the written contract.

Evidence in respect to the value of the land purchased by defendant was introduced during the trial, and after consideration thereof, the late Honorable

GEORGE G. BINGHAM, who tried the cause in the court below, found at the time the contract was entered into, its fair market value did not exceed the sum of one hundred dollars per acre, and held that plaintiff had wholly failed to show by any clear and convincing evidence that the written contract did not conform to what the parties actually intended, and with this conclusion we agree.

2–5. Where a written contract has been deliberately entered into by the parties, the presumption is that it is valid and free from mistake, and that the writing truly expresses the contract as made: *Stein* v. *Phillips,* 47 Or. 545 (84 Pac. 793); 4 Page on Contracts (2 ed.), p. 3948. In order to overcome the presumption that a written contract deliberately entered into is valid and free from mistake, the burden of proof is on the party alleging it, and before a court of equity would be justified to make the written agreement conform to some alleged oral contract or agreement of the parties because of an alleged mistake, the proof that the writing is not in conformity with the actual intention of the parties in respect to some material matter must be full, clear and decisive; otherwise, there would be nothing to rebut the presumption. Hence, proof that the writing does not contain what the parties had agreed or intended it should must be clear, satisfactory and convincing. "Courts of equity do not grant the high remedy of reformation upon a probability, nor even upon a mere preponderance of evidence, but only upon a certainty of the error." Pomeroy's Equity Jurisprudence (4 ed.), § 859. This language was quoted with approval by this court in *Bott* v. *Campbell,* 82 Or. 468 (161 Pac. 955).

In *Newsom* v. *Greenwood*, 4 Or. 119, Mr. Justice McARTHUR, speaking for the court said: "The rule which should govern in this class of cases, is laid down in Willard's Equity Jurisprudence, page 75, where it is held 'that to show a mistake in a written instrument, the evidence must be clear and satisfactory, so as to establish the mistake to the entire satisfaction of the Court.'" That rule, without any substantial modification, has been followed by this court up to the present time in so many cases that it would be idle to cite them.

For the reasons stated, the decree appealed from must be affirmed.          AFFIRMED.

BURNETT, C. J., and COSHOW and BELT, JJ., concur.