ARMSTRONG, P.J.
*199 Defendants appeal a judgment dismissing this action because it prevents defendants from pursuing counterclaims that they sought to bring against plaintiff. We conclude that the trial court erred. Accordingly, we reverse and remand with respect to defendants' counterclaims but otherwise affirm.
The relevant facts in this case are undisputed and primarily procedural. Plaintiff filed a complaint against defendants, among others, for judicial foreclosure of real property. In response, defendants filed a motion to dismiss the complaint under ORCP 21 A, asserting that plaintiff lacked standing and was not the real party in interest. On the same morning as the hearing on defendants' motion to dismiss, two things happened: Plaintiff filed a notice of voluntary dismissal of the complaint without prejudice and submitted a general judgment of dismissal for the court to sign; and defendants filed a pleading that answered plaintiff's complaint and asserted counterclaims against plaintiff. At the hearing, the parties made the court aware of those filings and discussed them with the court, but the court did not make any rulings with respect to them. The court granted defendants' motion to dismiss but did not enter a judgment at that time.
Three months later, defendants filed a notice of intent to apply for an order of default against plaintiff on defendants' counterclaims. Plaintiff replied, denying every allegation of the counterclaims. Defendants moved to strike plaintiff's reply as a "sham" that was "false on its face" because it denied facts previously alleged by plaintiff in its complaint. In response, plaintiff asserted that defendants were not permitted under the procedural rules to file counterclaims while their motion to dismiss was pending. Because the motion to dismiss had been granted, plaintiff argued, there was nothing left to litigate. Plaintiff also submitted a general judgment of dismissal for the court's signature. Defendants moved to strike plaintiff's proposed judgment. The day after defendants filed their motion to strike, the trial court signed a general judgment of dismissal without ruling on defendants' pending motions.
*200 The court later held a hearing on defendants' motions, which it denied by written order. In its order, the court concluded that, because defendants had chosen to make their initial appearance by filing a motion to dismiss under ORCP 21 A, they "had no right to submit further pleadings in the form of an answer and counterclaim until the motion to dismiss had been ruled upon or withdrawn." The court further concluded that, as a result, defendants' answer and counterclaims were "a legal nullity that should not have been filed, [because] [p]arties are not allowed to file an appearance by motion under ORCP 21 and a responsive pleading under ORCP 19 at the same time." The court reasoned that, because it had granted defendants' motion to dismiss, the case was concluded "except for the submission of an appropriate general judgment." With respect to the submitted judgment, the court concluded that there was no basis on which to set it aside. Finally, the court advised defendants that, if they wished to pursue claims against plaintiff, then they "will need to file those claims as the plaintiff in a separate action."
On appeal, defendants argue that nothing in the procedural rules or Oregon case law prohibits a party from filing counterclaims while a motion to dismiss is pending. Defendants assert that, to the contrary, the text of those rules allows such a procedure *1091 and nothing about that approach would prejudice plaintiff. Plaintiff argues that defendants' reading of the procedural rules ignores the implicit timing found in ORCP 21 A and ORCP 15, which, plaintiff asserts, contemplates that a responsive pleading and counterclaims will be filed only if a motion to dismiss is denied. As explained below, we agree with defendants that they were not prohibited from filing counterclaims while their motion to dismiss was pending, and, therefore, we reverse and remand the judgment of the court with respect to defendants' counterclaims.[1]
Because the trial court's ruling that defendants' counterclaims were a "legal nullity" involves a question of statutory construction, we review it for legal error.
*201 Delcastillo v. Norris , 197 Or. App. 134, 140, 104 P.3d 1158, rev. den. , 338 Or. 488 (2005). In construing the procedural rules, our task is to discern the intentions of the Council on Court Procedures in adopting them and, doing that, we use "the same analytical method that applies to statutory construction." Rains v. Stayton Builders Mart, Inc. , 258 Or. App. 652, 658, 310 P.3d 1195 (2013) ; see also Waddill v. Anchor Hocking, Inc. , 330 Or. 376, 382 n. 2, 8 P.3d 200 (2000), adh'd to on recons. , 331 Or. 595, 18 P.3d 1096 (2001) ("[U]nless the legislature amended the rule at issue in a particular case in a manner that affects the issues in that case, the Council's intent governs the interpretation of the rule."). In this case, the legislative history of the relevant rules is not useful to our analysis; thus, we focus on the text of those rules. See State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009) (in construing statutes, we seek to discern the intention of the legislature by considering the text of the statute in context, along with any legislative history that is useful to our analysis).
We start with the relevant text of ORCP 21 :
"A How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: *** (4) that plaintiff has not the legal capacity to sue, *** (6) that the party asserting the claim is not the real party in interest ***. A motion to dismiss making any of these defenses shall be made before pleading if a further pleading is permitted. *** If, on a motion to dismiss asserting defenses (1) through (7), the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits, declarations and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present affidavits, declarations and other evidence, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits. If the court grants a motion to dismiss, the court may enter judgment in favor of the moving party or grant leave to file an amended complaint. ***.
*202 "* * * * *
"C Preliminary hearings. The defenses specifically denominated (1) through (9) in section A of this rule, whether made in a pleading or by motion, and the motion for judgment on the pleadings mentioned in section B of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.
"* * * * *
"G Waiver or preservation of certain defenses.
"* * * * *
"G(2) A defense that a plaintiff has not the legal capacity to sue, that the party asserting the claim is not the real party in interest, or that the action has not been commenced within the time limited by statute, is waived if it is neither made by motion under this rule nor included in a responsive pleading[.]"
(Boldface in original.)
Nothing in the text of ORCP 21 suggests, either explicitly or implicitly, that a defendant *1092 may not file an answer or a counterclaim to the complaint while that defendant's motion to dismiss the complaint is pending. ORCP 21 A only specifies that a motion to dismiss made under ORCP 21 A must be made before a responsive pleading; there is no requirement that the motion must also be ruled upon before a responsive pleading may be filed. Given that the court may defer ruling on an ORCP 21 A motion until trial, see ORCP 21 A, ORCP 21 C, it would be contradictory to the purpose of ORCP 19, which governs responsive pleadings, to read such a requirement into ORCP 21 A. See ORCP 19 C ("Allegations in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading."). Further, the requirement that a motion be filed before the responsive pleading is relevant only to whether a defendant can bring the motion under ORCP 21 A. See ORCP 21 G (providing when failure to raise a defense by motion or in a pleading is a waiver of that defense); Burden v. Copco Refrigeration, Inc. , 339 Or. 388, 392-93, 121 P.3d 1133 (2005) (a motion brought on a defense raised first in a pleading is a motion *203 for a preliminary hearing under ORCP 21 C, not a motion under ORCP 21 A). That is, the requirement that a motion under ORCP 21 A be brought before a responsive pleading does not address, either explicitly or implicitly, the validity of the responsive pleading.
Additionally, the statement in ORCP 21 A that a judge may enter a judgment for the moving party after it grants a motion to dismiss does not indicate that a defendant cannot file a counterclaim before the court rules on the motion to dismiss. The language used in the rule is permissive, not mandatory, and does not reference a particular type of judgment to be entered. Given the circumstances of the particular case, it might be appropriate for a court to enter a limited, rather than a general, judgment that disposes of only some of the claims in the case. See ORS 18.005 (defining "general judgment," "judgment," and "limited judgment"); ORCP 67 B (providing for limited judgments that dispose of some, but not all, of the claims or parties). In sum, there is nothing in the text of ORCP 21 that indicates that defendants could not file their answer and counterclaims while their motion to dismiss was pending.
The plain text of the other rules implicated by the court's order does not change our reading of the plain text of ORCP 21. ORCP 19 governs the content of responsive pleadings, which may include a counterclaim. With regard to counterclaims, ORCP 22 A(1) provides, that "[e]ach defendant may set forth as many counterclaims, both legal and equitable, as such defendant may have against a plaintiff." Neither of those rules indicates that the filing of an ORCP 21 A motion has any effect on a defendant's ability to also file a responsive pleading or counterclaim.[2]
Finally, plaintiff contends that ORCP 15, which provides general deadlines for the filing of pleadings or motions, embodies an implicit rule that prohibited defendants from *204 filing their answer and counterclaims before the court ruled on their motion to dismiss. As relevant here, ORCP 15 provides the deadline for when a defendant must file a motion or answer to the complaint, ORCP 15 A, and provides the time for filing responsive or amended pleadings following a ruling on a motion:
"B(1) If the court denies a motion, any responsive pleading required shall be filed within 10 days after service of the order, unless the order otherwise directs.
"B(2) If the court grants a motion and an amended pleading is allowed or required, such pleading shall be filed within 10 days after service of the order, unless the order otherwise directs."
ORCP 15 B.
However, the text of ORCP 15 does not supply the implied rule for which plaintiff contends. Nothing in the text of ORCP 15 *1093 suggests that a defendant may not file a responsive pleading or counterclaim while that defendant's motion to dismiss under ORCP 21 A is pending. ORCP 15 B(1) provides the time allowed to file a required pleading when a court denies a motion. However, it does not address at all when a defendant may file a counterclaim-which is not a required pleading, see ORCP 13 (setting out the required and permissive pleadings)-nor does it suggest that a defendant cannot file a required responsive pleading before the filing deadline triggering date, viz. , the denial of a motion. We decline plaintiff's invitation to read into the procedural rules a rule prohibiting the filing of responsive pleadings and counterclaims while a motion to dismiss is pending when no such prohibition appears on the face of the rules.
Because the plain text of the applicable rules did not prohibit defendants from filing their answer and counterclaims while there motion to dismiss was pending, the trial court erred in declaring those pleadings a "legal nullity." Accordingly, we reverse and remand the judgment with respect to defendants' counterclaims and otherwise affirm.
Reversed and remanded with respect to defendants' counterclaims; otherwise affirmed.

Because we reverse on that basis, we do not address defendants' other arguments.

We note that a motion filed under ORCP 21 A is generally an attack on the sufficiency of a pleading, while the filing of a responsive pleading under ORCP 19 generally includes a response to the pleading. Our opinion does not address the effect that the subsequent filing of an answer has on a trial court's consideration of an earlier-filed motion to dismiss on which it has not yet ruled. We hold only that the initial filing of the motion to dismiss here did not, by its mere filing, render the subsequent filing of an answer "a legal nullity."