NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD W. CLARK, as trustee of Richard W. Clark and Merri Sue Clark Revocable Living Trust, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> LSF9 MASTER PARTICIPATION TRUST; et al., <br><br> Defendants-Appellees. | No. 22-35343 <br><br> D.C. No. 6:20-cv-00295-MC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 27, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Richard Clark appeals *pro se* the district court's dismissal of his complaint

seeking declaratory and injunctive relief against his creditors, including LSF9

Master Participation Trust ("LSF9"), which seek to foreclose on his property. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. Reviewing the dismissal of Clark's complaint de novo, *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010), and the district court's exercise of judicial estoppel for abuse of discretion, *Johnson v. Or. Dept. of Human Res., Rehab. Div.*, 141 F.3d 1361, 1364 (9th Cir. 1998), we affirm.

1. Clark's 2020 settlement agreement does not preclude LSF9's current foreclosure action. Under Oregon law, "[a] general judgment incorporates a previous written decision of the court that decides one or more requests for relief in the case," but only if the previous decision "[i]s not a judgment." Or. Rev. Stat. §18.082 (2). Clark contends that the settlement he entered in 2020 with Wells Fargo (LSF9's predecessor in interest) encompasses Wells Fargo's initial judicial foreclosure action, which Wells Fargo dismissed voluntarily in 2016. But the voluntary dismissal of Wells Fargo's initial foreclosure was a separate "judgment" from Clark's appeal of his counterclaims, which were resolved in 2020.

The general judgment of dismissal entered in 2016 is legally distinct from Clark's appeal of his counterclaims. As the state appellate court noted in its disposition of Clark's original appeal, it "reverse[d] and remand[ed] with respect to defendants' counterclaims *but otherwise affirm*[ed]." *Wells Fargo Bank, N.A. v. Clark*, 294 Or. App. 197, 199 (2018) (emphasis added). The text of the 2020 dismissal order confirms that understanding. It states that, "all of the Clarks'

2

counterclaims…are DISMISSED WITH PREJUDICE[.]" And the settlement agreement between Clark and Wells Fargo releases the Clarks' claims, not Wells Fargo's. In sum, the counterclaims dismissed *with* prejudice in 2020 are legally distinct from the judicial foreclosure, which was dismissed *without* prejudice in 2016. And because "a dismissal without prejudice cannot give rise to claim preclusion," LSF9 is not precluded from foreclosing on Clark's house now. *Clark v. Gates*, 138 Or. App. 160, 165 (1995).

2.     The district court did not abuse its discretion by invoking judicial estoppel to bar Clark from relitigating the ownership of his loan. "A court abuses its discretion when it fails to apply the correct legal standard or bases its decision on unreasonable findings of fact." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir 2011) (citing *Las Vegas Sands, LLC v. Nehme*, 632, F.3d 526, 532 (9th Cir. 2011)). Judicial estoppel "prevent[s] a party from changing its position over the course of judicial proceedings when such positional changes have an adverse impact on the judicial process." *Russell v. Rolf*, 893 F.2d 1033, 1037 (9th Cir. 1990). While the criteria for judicial estoppel "are probably not reducible to any general formulation of principle," the Supreme Court has identified three guideposts for courts seeking to "prevent improper use of judicial machinery." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (simplified). First, we evaluate whether the party's later position was clearly inconsistent with its earlier one. *Id.* We then assess

3

whether there was judicial acceptance of the original position. *Id.* at 750-51. Finally, we consider whether the party advancing the inconsistent position would gain an unfair advantage in the litigation if not estopped. *Id.* at 751.

Applying this guidance, we cannot say that the district court abused its discretion. First, Clark's current position–that Wells Fargo and its successors do not own his loan–is inconsistent with his acknowledgment in his 2009 bankruptcy proceeding that Wells Fargo was his creditor. Second, Clark's earlier acknowledgment was judicially sanctioned when the bankruptcy was finalized. Third, Clark would gain an unfair advantage if permitted to re-litigate ownership of his loan at this stage. The district court acted well within its discretion by preventing Clark from taking a position inconsistent with his prior dispute.

3.      Because we conclude that Clark's creditors are not precluded from pursuing foreclosure, we do not address the district court's discussion of whether a nonjudicial foreclosure counts as "successive litigation."

**AFFIRMED.**