No. 144          February 28, 2024          247

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Conrad MOUTON,
*Plaintiff-Appellant,*

*v.*

TRI-COUNTY METROPOLITAN TRANSPORTATION
DISTRICT OF OREGON,
a municipal corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
22CV06834; A179342

Jennifer YEAGER,
*Plaintiff-Appellant,*

*v.*

Chance MONTGOMERY,
*Defendant-Respondent.*

Douglas County Circuit Court
22CV05877; A179618

Brandon FLANDERS,
*Plaintiff-Appellant,*

*v.*

WINCO FOODS, LLC,
a foreign limited liability company,
*Defendant-Respondent.*

Multnomah County Circuit Court
22CV11032; A179835

In A179342, Leslie G. Bottomly, Judge; In A179618, Robert B. Johnson, Judge; and, In A179835, Jenna R. Plank, Judge.

A179342, A179618, and A179835 argued and submitted individually December 19, 2023.

In A179342, Willard E. Merkel argued the cause for appellant. Also on the briefs was Merkel & Conner, LLC.

In A179342, Michael S. Shin argued the cause for respondent. Also on the brief was Keith Garza.

In A179342, Sara Kobak and Schwabe Williamson & Wyatt, P.C., filed the brief *amicus curiae* for Oregon Association of Defense Counsel.

In A179342, Elizabeth C. Savage filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

In A179618, Andrew R. Wilson argued the cause for appellant. Also on the briefs was Black, Chapman, Petersen & Stevens.

In A179618, Casey S. Murdock argued the cause for respondent. Also on the brief was Frohnmayer, Deatherage, Jamieson, Moore, Armosino & McGovern, P.C.

In A179618, Elizabeth C. Savage filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

In A179618, Sara Koback and Schwabe, Williamson & Wyatt, P.C., filed the brief *amicus curiae* for Oregon Association of Defense Counsel.

In A179835, Apolinar Montero-Sanchez argued the cause for appellant. Also on the briefs were Lourdes Sánchez and Law Offices of Lourdes Sánchez, P.C.

In A179835, Patricia A. Brockway argued the cause for respondent. Also on the brief was Goehler & Associates.

In A179835, Elizabeth C. Savage filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

In A179835, Sara Kobak and Schwabe, Williamson & Wyatt, P.C., filed the brief *amicus curiae* for Oregon Association of Defense Counsel.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In these three civil cases, consolidated for purposes of opinion, each plaintiff filed a negligence action in early 2022 that the trial court dismissed as time barred. Each plaintiff appeals, arguing that their complaint was timely filed in light of temporary legislation enacted early in the COVID-19 pandemic that extended the statutes of limitations for civil actions. Specifically, plaintiffs rely on House Bill (HB) 4212 (2020), as amended by Senate Bill (SB) 296 (2021) and SB 813 (2021). *See* Or Laws 2020, ch 12 (1st Special Session) (HB 4212), *amended by* Or Laws 2021, ch 199 (SB 296); Or Laws 2021, ch 499 (SB 813).[1] Each defendant maintains that the action against them was properly dismissed. The disputed issue is one of statutory construction that requires us to determine when the extended statute-of-limitations period in HB 4212 ended: December 31, 2021 (the repeal date); March 31, 2022 (90 days after the repeal date); or June 30, 2022 (90 days after the end of the COVID-19 state of emergency). We conclude that the trial courts correctly construed HB 4212 as extending the statutes of limitations through December 31, 2021, and consequently did not err in dismissing the complaints. Accordingly, we affirm.

## I.   FACTS

The relevant facts are procedural.

Plaintiff Conrad Mouton alleges that he was injured on February 2, 2020, while riding a public bus. On February 25, 2022, he filed a negligence action against Tri-County Metropolitan Transportation District of Oregon (TriMet). TriMet moved to dismiss under ORCP 21 A(1)(i), based on the two-year statute of limitations in ORS 30.275(9). *See* ORCP 21 A(1)(i) (allowing for dismissal where "the pleading shows that the action has not been commenced within the

---

[1] As temporary legislation, the enrolled versions of HB 4212, SB 296, and SB 813 are not permanently codified in the Oregon Revised Statues, although sections 7 and 8(2) of HB 4212, as amended by SB 296 and SB 813, are compiled as a note after ORS 12.010 in the 2021 edition of the Oregon Revised Statutes. We therefore use bill numbers and Oregon Laws citations to refer to the legislation. Like the parties, for ease of reference, we use "HB 4212" to refer to HB 4212 as amended by SB 296 and SB 813. To avoid any resulting confusion, when we mean to refer to the original text of HB 4212, we use limiting language such as "original" or "as originally enacted."

time limited by statute"). The trial court granted the motion, concluding that the statute of limitations had expired on February 1, 2022. Mouton appeals, assigning error to the dismissal of his action.

Plaintiff Jennifer Yeager alleges that she was injured in a car accident on January 29, 2020. On February 16, 2022, she filed a negligence action against defendant Chance Montgomery. Montgomery moved for summary judgment under ORCP 47, based on the two-year statute of limitations in ORS 12.110(1). *See* ORCP 47 C (providing for summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to prevail as a matter of law). The trial court granted the motion, concluding that the statute of limitations had expired on January 28, 2022. Yeager appeals, assigning error to the grant of summary judgment and resulting dismissal of her action.

Plaintiff Brandon Flanders alleges that he was injured on April 30, 2019, while delivering beverages to a grocery store for his employer. On March 31, 2022, he filed a negligence action against WinCo Foods, LLC (WinCo). WinCo moved to dismiss under ORCP 21 A(1)(i), based on the two-year statute of limitations in ORS 12.110(1). The trial court granted the motion, concluding that the statute of limitations, which normally would have expired on April 29, 2021, had been extended by HB 4212 and expired on December 31, 2021. Flanders appeals, assigning error to the dismissal of his action.

In all three cases, the trial court construed HB 4212 as extending the applicable statute of limitations through December 31, 2021, and rejected the plaintiff's argument for a longer extension period. In all three appeals, the only aspect of the trial court's decision that is challenged is that construction of HB 4212.

## II.   ANALYSIS

The correct construction of HB 4212 is a question of statutory construction, so we review for legal error. *Wells Fargo Bank v. Clark*, 294 Or App 197, 200, 430 P3d 1089 (2018). We seek to ascertain the intent of the enacting legislature by examining the disputed provision's text and context,

as well as any helpful legislative history. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). Text and context "must be given primary weight in the analysis," because only the text "receives the consideration and approval of a majority of the members of the legislature," and "[t]he formal requirements of lawmaking produce the best source from which to discern the legislature's intent." *Id*. at 171. "If the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Id*. at 172.

A.  *HB 4212*

HB 4212 was originally enacted in a special legislative session in June 2020. Or Laws 2020, ch 12 (1st Spec Sess). It included a variety of temporary measures to address the COVID-19 pandemic, such as allowing public bodies to meet by telephone or video conference, allowing courts to extend certain time periods and to allow party appearances by telephone or video conference, extending the statutes of limitations in civil actions, and making it easier to get a permit to run an emergency shelter. *Id.*

The dispute in this case focuses on the portion of HB 4212 addressing judicial matters, which consists of sections 6, 7, and 8. Sections 6 and 7 are substantive, while section 8 sets a repeal date. Section 6 gave the Chief Justice of the Oregon Supreme Court and the presiding judges of the circuit courts certain authority regarding extending or suspending time periods for court proceedings and allowing appearances by telephone or video conference. *Id.* § 6. Section 7 extended the statutes of limitations for civil actions, stating, as originally enacted:

> "SECTION 7. (1)   If the expiration of the time to commence an action or give notice of a claim falls within the time in which any declaration of a state of emergency issued by the Governor related to COVID-19, and any extension of the declaration, is in effect, or within 90 days after the declaration and any extension is no longer in effect, the expiration of the time to commence the action or give notice of the claim is extended to a date 90 days after the declaration and any extension is no longer in effect."

*Id.* § 7 (stating further, in subsections (2) and (3), that section 7 applies to any statutory time limitation for commencing a civil cause of action or giving notice of a civil claim, but not to criminal actions or most appeals). Finally, section 8 sets the repeal date for sections 6 and 7, stating, as originally enacted:

> "SECTION 8. (1)  Sections 6 and 7 of this 2020 special session Act are repealed on December 31, 2021.
>
> "(2)  The repeal of section 6 of this 2020 special session Act by subsection (1) of this section does not affect the release status of a defendant determined under section 6(3) of this 2020 special session Act."

*Id.* § 8.

There is not much legislative history for HB 4212 as originally enacted. Regarding section 7, the legislative history shows only that the legislature recognized the extraordinary nature of extending the statutes of limitations for civil actions but felt that it was appropriate in light of the COVID-19 pandemic. Video Recording, Joint Committee on the First Special Session of 2020, HB 4212, June 25, 2020, at 1:25:30, *available at* https://olis.oregonlegislature. gov (accessed Jan 30, 2023) (statement of Senate President Peter Courtney that extending the statutes of limitations is "a very dramatic thing in the practice of law"). As for the repeal date set in section 8, there is no helpful legislative history as to why that specific date was chosen.

During the 2021 regular session, the legislature amended original HB 4212 in two ways relevant to these appeals. First, in response to a request by the Chief Justice of the Oregon Supreme Court, the legislature enacted SB 296 (2021), amending section 8 to extend the repeal date for section 6 by one year. Video Recording, Senate Committee on Veterans' Affairs and Emergency Preparedness, SB 296, Feb 4, 2021, at 00:08:25, *available at* https://olis.oregonlegislature.gov (accessed Feb 5, 2024) (statement of Chief Justice Martha Walters, asking the legislature to extend section 6's "sunset clause of * * * December 31, 2021," so that the courts would continue to have needed flexibility if the pandemic continued beyond December 31, 2021). SB 296 provides that

"Section 8, chapter 12, Oregon Laws 2020 (first special session), is amended to read":

> "[SECTION] 8. (1)   Section 6, chapter 12, Oregon Laws 2020 (first special session), is repealed on December 31, 2022.
>
> "(2)   Section 7, chapter 12, Oregon Laws 2020 (first special session), is repealed on December 31, 2021.
>
> "(3)   The repeal of section 6, chapter 12, Oregon Laws 2020 (first special session), by subsection (1) of this section does not affect the release status of a defendant determined under section 6(3), chapter 12, Oregon Laws 2020 (first special session)."

Or Laws 2021, ch 199, § 3 (bracketed former language omitted and boldface used to identify new language omitted). The legislative history of SB 296 contains no express mention of section 7. However, by amending section 8 in the way that it did, the legislature reaffirmed that "[s]ection 7, chapter 12, Oregon Laws 2020 (first special session)" is repealed on December 31, 2021. Or Laws 2021, ch 199, § 3; *see also* Or Laws 2020, ch 12, § 8(2) (1st Spec Sess), *amended by* Or Laws 2021, ch 199, § 3, *compiled as a note after* ORS 12.010 (2021).

Second, in response to a federal district court ruling that section 7 did not apply to civil actions for which the applicable statute of limitations had expired before June 30, 2020 (the effective date of original HB 4212), the legislature enacted SB 813, adding a new subsection (4) that made section 7 retroactive to the beginning of the state of emergency. SB 813 provides that "[s]ection 7, chapter 12, Oregon Laws 2020 (first special session), is amended" to include the following:

> "(4)   Subsection (1) of this section applies to expiration of the time to commence an action or give notice of a claim occurring:
>
> "(a)   On or after March 8, 2020, and on or before the date 90 days after the declaration of a state of emergency issued by the Governor on March 8, 2020, and any extension of the declaration, is no longer in effect; or

"(b)   During the time in which any other declaration of a state of emergency issued by the Governor related to COVID-19, and any extension of the declaration, is in effect, or within 90 days after the declaration and any extension is no longer in effect."

Or Laws 2021, ch 499, § 1 (effective July 14, 2021) (boldface omitted); *see also* Or Laws 2020, ch 12, § 7, *amended by* Or Laws 2021, ch 499, § 1, *compiled as a note after* ORS 12.010 (2021). The legislative history is clear that the purpose of SB 813 was to address the retroactivity issue. *See, e.g.*, Video Recording, Senate Committee on Judiciary and Ballot Measure 110 Implementation, SB 813, Apr 12, 2021, at 00:28:15, *available at* https://olis.oregonlegislature.gov (accessed Feb 5, 2024) (statement of Arthur Towers of the Oregon Trial Lawyers Association describing purpose of SB 813 and testifying in favor of the bill).

B.   *Construction of HB 4212*

All three cases before us involve the same legal issue: when the extended statute-of-limitations period in section 7 of HB 4212 ended. Defendants TriMet, Montgomery, and WinCo maintain—and all three trial courts ruled—that it ended on December 31, 2021, the repeal date in section 8. Plaintiffs argue that it ended either on March 31, 2022, *i.e.*, 90 days after the repeal date, or on June 30, 2022, *i.e.*, 90 days after the end of the COVID-19 state of emergency. In their own ways, each plaintiff argues that the legislature did not intend the extended statute-of-limitations period in section 7 to end on December 31, 2021; that the legislature accidentally enacted an ambiguous provision; and that, upon resort to maxims of statutory construction, we should construe the statute in plaintiffs' favor.[2]

Having considered the text, context, and legislative history of sections 7 and 8 of HB 4212, both as originally enacted and as amended by SB 296 and SB 813, we

_____

[2] In addition to the briefs filed by the parties, the Oregon Trial Lawyers Association has filed a brief as *amicus curiae* in support of each plaintiff (which is identical in each case), and the Oregon Association of Defense Counsel has filed a brief as *amicus curiae* in support of each defendant (which is identical in each case). Although we do not expressly discuss the arguments made by *amici curiae*, we have considered their arguments in conjunction with the arguments of the parties whom they support.

are unpersuaded that the statute is ambiguous. Rather, we agree with defendants that the trial courts correctly construed it as extending the statutes of limitations for civil actions through December 31, 2021. Essentially, reading sections 7 and 8 together, the effect of the legislation was to extend the statutes of limitation for civil actions such that, if the statute of limitations for an action would have normally expired between March 8, 2020, and December 30, 2021, it did not expire until December 31, 2021. It follows that each of the plaintiff's actions was time barred. We will explain our reasoning.

Section 8 of HB 4212 as originally enacted unequivocally states that section 7 "is repealed on December 31, 2021." Or Laws 2020, ch 12, § 8 (1st Spec Sess). HB 4212 as amended by SB 296 also unequivocally states that section 7 "is repealed on December 31, 2021." Or Laws 2020, ch 12, § 8(2), *amended by* Or Laws 2021, ch 199, § 3, *compiled as a note after* ORS 12.010 (2021). When an act is repealed, it is rescinded or revoked. *Drainage Dist. No. 7 v. Bernards*, 89 Or 531, 555, 174 P 1167 (1918) ("The general rule is that the repeal of a statute without any reservation takes away all remedies given by the repealed statute and defeats all actions pending under it at the time of its repeal."); *Newsom v. Greenwood*, 4 Or 119, 121 (1871) ("[T]he effect of repealing a statute is to obliterate the statute repealed as completely as if it had never been passed * * *."); *see also Webster's Third New Int'l Dictionary* 1924 (unabridged ed 2002) (defining "repeal" as "to rescind or revoke (as a sentence or law) from operation or effect : ABROGATE, ANNUL"); *Black's Law Dictionary* (11th ed 2019) (defining "repeal" as "rescind" or "[a]brogation of an existing law by legislative act"). Thus, the extension of the civil statutes of limitations provided in section 7 ended when section 7 was repealed by operation of section 8.

Turning to context, HB 4212 as a whole suggests that the legislature intentionally set different repeal dates for different sections of HB 4212. Some sections were to remain in effect only for a few months. *See* Or Laws 2020, ch 12, § 12 (1st Spec Sess) ("Sections 10 and 11 of this 2020 special session Act are repealed 90 days after the effective

date of this 2020 special session Act."); *id*. § 14 ("Section 13 of this 2020 special session Act is repealed 90 days after the effective date of this 2020 special session Act."). Some sections had no repeal date but were limited in duration by their nature. *See id*. § 3 (amending garnishment statute to limit garnishing of COVID-19 relief payments). Some sections were to remain in effect until the end of the COVID-19 state of emergency, whenever that might be. *See id*. § 47 ("Sections 45 and 46 of this 2020 special session Act are repealed on the date on which the declaration of a state of emergency issued by the Governor on March 8, 2020, and any extension of the declaration, is no longer in effect."). One section was to remain in effect until 30 days after the end of the COVID-19 state of emergency, whenever that might be. *See id*. § 2 ("Section 1 of this 2020 special session Act is repealed 30 days after the date on which the declaration of a state of emergency issued by the Governor on March 8, 2020, and any extension of the declaration, is no longer in effect."). Several sections—including section 7—were to remain in effect until a specified calendar date, with those dates varying. *See id*. § 32 (repealing sections 19, 20, and 27 "on June 30, 2021"); *id*. § 8(1) (repealing sections 6 and 7 "on December 31, 2021"); *id*. § 17 (repealing section 16 "on January 2, 2022").

In two places in HB 4212, the legislature included a savings clause to address the effect of a repeal on particular individuals, further evincing intentionality in the repeal provisions. *See id*. § 8(2) ("The repeal of section 6 of this 2020 special session Act by subsection (1) of this section does not affect the release status of a defendant determined under section 6(3) of this 2020 special session Act."); *id*. § 12a ("The repeal of sections 10 and 11 of this 2020 special session Act by section 12 of this 2020 special session Act does not affect an application for the development of land for an emergency shelter that was completed and submitted before the date of the repeal."). If the legislature had wanted to include a savings clause for section 7, it knew how to do so.

Nothing in the legislative history of HB 4212, SB 296, or SB 813 sheds light on why the legislature chose a hard repeal date for section 7, rather than tying its repeal to

the end of the COVID-19 state of emergency, or why the legislature specifically chose December 31, 2021. It is notable, however, that the legislature reaffirmed that decision in July 2021, when it extended the repeal date for section 6 because of the ongoing COVID-19 state of emergency, but kept the existing repeal date for section 7. In considering SB 296, the legislature had a clear opportunity to revisit the repeal date for section 7 if it wished, and nothing in the legislative history of SB 296 suggests that any consideration was given to changing section 7's repeal date. Indeed, because of how section 8 was written in original HB 4212, the legislature had to entirely rewrite section 8 in SB 296, including the portion addressing the repeal date for section 7, and chose to use the same repeal date for section 7 as it had in original HB 4212.

Taken together, the text, context, and legislative history of HB 4212 all support the conclusion that sections 7 and 8, read together, extended the statutes of limitations for civil actions through December 31, 2021. We disagree with the suggestion that the legislature could not possibly have intended the extension to end on December 31, 2021. In extending the statutes of limitations for civil actions, the legislature was aware that it was doing something extraordinary in response to extraordinary times. By setting a hard repeal date of December 31, 2021, the legislature may have been balancing the practical realities of the early pandemic—such as courts not operating normally, lawyers' offices not operating normally, and the general disruption to people's lives—against the important polices served by statutes of limitations.[3] *See Board of Regents v. Tomanio*, 446 US 478, 487, 100 S Ct 1790, 64 L Ed 2d 440 (1980) ("On many prior occasions, we have emphasized the importance of the policies underlying state statutes of limitations. Statutes of limitations are not simply technicalities. On the contrary, they

---

[3] Moreover, even if the legislative history evinced an intent contrary to the statutory text—which it does not—that would not overcome the plain text. "Legislative history may be used to confirm seemingly plain meaning and even to illuminate it; a party also may use legislative history to attempt to convince a court that superficially clear language actually is not so plain at all—that is, that there is a kind of latent ambiguity in the statute." *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009). However, "[w]hen the text of a statute is truly capable of only one meaning, no weight can be given to legislative history that suggests—or even confirms—that legislators intended something different." *Id.* at 173.

have long been respected as fundamental to a well-ordered judicial system."); *Eastman v. Crary*, 131 Or 694, 697, 284 P 280 (1930) (recognizing as "a clear and accurate statement of the law" that statutes of limitations are "a legislative declaration of public policy").

Plaintiffs argue that HB 4212 is ambiguous and urge us to resort to maxims of statutory construction to resolve the ambiguity. However, we are unpersuaded that the act is ambiguous as to when the extended statute-of-limitations period ended. *See State v. S.-Q. K.*, 292 Or App 836, 840, 426 P3d 659, *adh'd to as modified on recons*, 294 Or App 184, 426 P3d 258, *rev den*, 364 Or 209 (2018) (statutory text is "ambiguous" if "it is susceptible to at least two plausible interpretations").

We do not discount the possibility that some readers of HB 4212 might have been confused as to when the extension period would end. Looking only at section 7, one would understand civil statutes of limitations to be extended to 90 days after the end of the COVID-19 state of emergency. *See* Or Laws 2020, ch 12, § 7 (1st Spec Sess) (extending the statutes of limitations "to a date 90 days after the declaration and any extension is no longer in effect"). However, one cannot look only at section 7. Section 8 sets a repeal date of December 31, 2021. *Id.* § 8(1); *see also* Or Laws 2021, ch 199, § 3. The only plausible interpretation of section 8 is that section 7 ceases to have effect after December 31, 2021. That is also the only interpretation of HB 4212 that gives effect to the whole act. *See SAIF v. Ward*, 369 Or 384, 398, 506 P3d 386 (2022) ("As a general rule, when we interpret a statute to determine what the legislature intended, we attempt to do so in a manner that gives effect to all of the provisions of the statute where possible.").

In hindsight, if the legislature had known with certainty in June 2020 that the COVID-19 state of emergency would continue into 2022, it might have phrased section 7 differently, to avoid any potential confusion. But it did not know when the state of emergency would end. Further, the legislature drafted the repeal date for section 7 in a manner consistent with how it drafted other repeal dates in original HB 4212, essentially following the Office of Legislative

Counsel's Bill Drafting Manual. *See* Legislative Counsel Committee, Bill Drafting Manual § 6.1 (2018) (Bill Drafting Manual) (stating that "[a] drafter should never place temporary material in the same section as permanent material" and providing two options for drafting temporary material, one of which is to "creat[e] a separate section that expires by its own terms or that is repealed by a specified date" (emphasis omitted)).[4]

Nothing in the text, context, or legislative history supports reading HB 4212 to extend the statutes of limitations to March 31, 2022, which is 90 days after *the repeal date*.[5] Section 7 is either repealed on December 31, 2021, or it is not. Nothing links the "90 days" in section 7 to the repeal date in section 8. To create that link, plaintiffs argue that December 31, 2021, essentially stands in for the last day of the state of emergency in section 7. *See* Or Laws 2020, ch 12, § 7 (1st Spec Sess) (extending the statutes of limitations "to a date 90 days after the declaration [of a state of emergency issued by the Governor related to COVID-19] and any extension is no longer in effect"). However, that reading is inconsistent with the statutory text.

As for extending the statutes of limitations to June 30, 2020, as plaintiffs alternatively argue, that construction of HB 4212 is supported by the text of section 7, but it would require disregarding section 8, which we cannot do. "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several

_____

[4] We note that, to use the language of the Bill Drafting Manual, section 7 seems to be written to "expire[] by its own terms," while section 8 provides for its "repeal[] by a specified date," whereas the Bill Drafting Manual seems to contemplate only one of those end-date mechanisms being used at a time. Bill Drafting Manual § 6.1 (providing for the drafting of temporary material in "a separate section that expires by its own terms or that is repealed by a specified date"). However, the legislature presumably chose that approach because it did not know which event would occur first—the expiration of section 7 by its own terms (90 days after the end of the COVID-19 state of emergency) or the repeal date (December 31, 2021).

[5] Ninety days after section 7's repeal date is March 31, 2022. That date nearly coincides with the end of the COVID-19 state of emergency on April 1, 2022, but that is happenstance. *See* Executive Order 22-03 (March 17, 2022) (ending state of emergency effective April 1, 2022).

provisions or particulars such construction is, if possible, to be adopted as will give effect to all." ORS 174.010. To avoid that problem, plaintiffs argue that SB 813 replaced section 7 of original HB 4212 in its entirety and that, as a result, the repeal provision in section 8 of original HB 4212 ceased to have any effect. Under that view, section 8 of original HB 4212 repeals section 7 "of this 2020 special session Act," and section 7 "of this 2020 special session Act" ceased to exist when SB 813 was enacted.

That argument is unpersuasive. Article IV, section 22, of the Oregon Constitution provides that any statutory section that is amended "shall be set forth, and published at full length." The Bill Drafting Manual advises legislative drafters that, to comply with Article IV, section 22, a bill amending an existing statutory section must "show[ ] everything that has been inserted and deleted as well as what has not changed for each section." Bill Drafting Manual § 13.8. Thus, "[w]hen amending an existing statute, the draft [bill] must show every difference, except capitalization, between the original version and the amended version," and any "[c]hanges are highlighted by bracketing and italicizing deleted material and bolding new material." *Id.* at § 13.10 (emphasis omitted).

SB 813 was drafted in accordance with the Bill Drafting Manual. It identifies "Section 7, chapter 12, Oregon Laws 2020 (first special session)" as the existing statute that it is amending; sets forth the original language in ordinary text to reflect that it is unchanged; and then sets forth new subsection 4 in bold text to reflect new material. Or Laws 2021, ch 499, § 1. The unchanged portion of the statute was set forth to comply with Article IV, section 22, not to "reenact" the unchanged text, such that cross-references in the original bill would cease to function. Section 7 "of this 2020 special session Act" did not cease to exist when SB 813 was enacted, nor did the enactment of SB 813 turn the internal cross-reference to section 7 in section 8 into the legislative equivalent of a dead link. *See* Or Laws, ch 12, § 7, *amended by* Or Laws 2021, ch 499, § 1, *compiled as a note after* ORS 12.010 (2021) (compiling section 7, as amended by SB 813).

Because the meaning of HB 4212 is clear upon examination of its text, context, and legislative history, we

have no occasion to reach maxims of statutory construction and therefore do not address the parties' arguments in that regard.[6] *See Gaines*, 346 Or at 172 (allowing for resort to maxims of statutory construction only when "the legislature's intent remains unclear after examining text, context, and legislative history"); *see also, e.g.*, *State v. Vasquez-Rubio*, 323 Or 275, 283, 917 P2d 494 (1996) ("When the legislative intent is clear from an inquiry into text and context, or from resort to legislative history, *** it would be inappropriate to apply the absurd-result maxim. If we were to do so, we would be rewriting a clear statute based solely on our conjecture that the legislature could not have intended a particular result.").

In sum, extending the statutes of limitations for civil actions in light of the COVID-19 pandemic was a legislative policy choice, and deciding the length of the extension also was a legislative policy choice. Any number of policy choices might have been made. The legislature made the one that it did, and, in our view, HB 4212 is unambiguous that the extension ended on December 31, 2021.[7] It follows that, in each case, the trial court correctly concluded that the plaintiff's action was time barred and dismissed the action on that basis.

Affirmed.

---

[6] Plaintiffs invoke a number of maxims of statutory construction, including the absurd-result maxim, which defendants contend either do not apply or do not support plaintiffs' proposed construction. Given our conclusion that the act is unambiguous, we do not discuss the parties' specific arguments regarding maxims of statutory construction.

[7] To be clear, had the COVID-19 state of emergency ended before October 2021, the extension period would have ended earlier. It ended on December 31, 2021, because section 7 was repealed before the time that it would have expired by its own terms.